**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

DONALD FREDERICK LEWIS,

      Plaintiff,

          v.                           Civil Action No. AW-11-cv-2172

SIMMS, *et al.*,

      Defendants.

<u>**MEMORANDUM OPINION**</u>

Plaintiff Donald Lewis ("Lewis") brings this 42 U.S.C. § 1983 action against Defendants Private Simms ("Simms"),[1] the City of Bowie ("Bowie"), Unknown Prince George's County Correctional Officers ("Unknown Officers"), and Prince George's County, MD ("County"). The following motions are pending before the Court: (1) Defendant Bowie's Motion to Dismiss the Third Amended Complaint and (2) Defendant County's Motion to Dismiss the Third Amended Complaint or, in the alternative, Motion for Summary Judgment. The Court has reviewed the motion papers and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons below, the Court **GRANTS** Bowie and the County's motions to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following factual allegations are drawn from the Complaint[2] and are construed in the light most favorable to Lewis. On September 20, 2008, at a restaurant in Bowie, MD, Lewis quarreled with another patron. Simms, a Bowie police officer, escorted Lewis from the restaurant and threw him to the ground, injuring him. Simms then handcuffed, arrested, and

---

[1] This Opinion does not address the claim against Simms, only Lewis's claims against Bowie and the County.
[2] All references to "the Complaint" refer to the Third Amended Complaint.

transported Lewis to the Prince George's County Correctional Center ("Correctional Center"). Due to injuries, Lewis was transported to Doctor's Community Hospital.  Following treatment, Simms returned Lewis to the Correctional Center.  At this time, Simms filed a statement of probable cause and Lewis was charged disorderly conduct and second-degree assault.

At the Correctional Center, Lewis informed Unknown Officers that he required medications to treat a seizure disorder.  The officers denied Lewis's medication request and did not permit Lewis's wife to bring medication to the Correctional Center.  Without his medication, Lewis suffered seizures at the Correctional Center, including a grand mal seizure.

Lewis initially filed suit in the Circuit Court for Prince George's County.  On June 8, 2011, Lewis filed an Amended Complaint, correcting a misnomer.  After a Circuit Court hearing, Judge Chapdelaine dismissed all claims against the three defendants and granted Lewis leave to amend his First Amended Complaint.  (Doc. 30 at 5.)  On July 22, 2011, Lewis filed a Second Amended Complaint, which included all his original claims and four new § 1983 claims.

On August 5, 2011, the County removed the action to this Court.  On August 27, 2011, Lewis filed a Third Amended Complaint.  (Doc. 41.)  The Third Amended Complaint abandoned Lewis's state law claims, but otherwise did not substantively alter his § 1983 claims.  Bowie and the County moved to dismiss the Third Amended Complaint.  (Docs. 47–48.)  Additionally, the County  also motioned for summary judgment in the alternative.  (Doc. 48.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of a plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Recently, the Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). According to these cases, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (citations omitted). This showing must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In a motion to dismiss, a court first determines which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. Assuming the veracity of these well-pleaded factual allegations, a court then determines if they plausibly entitle a plaintiff to relief. *See id.* at 1950. In making this decision, a court must construe factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). A court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, factual allegations must rise above the speculative level, based on the assumption that the allegations are true (even if doubtful). *See Twombly*, 550 U.S. at 555.

## LEGAL ANALYSIS

### I.      Municipal Liability Under § 1983

Federal statute, 42 U.S.C. § 1983, serves as the basis for federal suits against municipal actors to redress violations of federal law. Specifically, § 1983 creates a cause of action against a person who, acting under color of state law, violates U.S. law. To state a § 1983, a plaintiff

must allege a federal right deprivation caused by a state actor.  *See Flanagan v. Anne Arundel Cnty.*, 593 F. Supp. 2d 803, 809 (D. Md. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

A municipality is not vicariously liable for its employees' actions.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Instead, a local government is only responsible for injuries resulting from official policies or customs.  *See id.* at 694; *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).  One means of demonstrating an official policy is by proving that a municipality inadequately trained its officers.  *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).  To prove such a policy, a plaintiff must establish deliberate indifference by the municipality.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice . . . can a city be liable . . . .").  Additionally, a municipality is liable for customs—even those not formally approved by the legislature—that cause federal violations.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 n. 10 (1986).  A custom is a practice "so widespread as to have the force of law."  *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404.

A "direct causal link" must exist "between a municipal policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).  In short, a municipality's policy or custom must be the moving force behind the violation.  *See Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 400 (1997).

## II.     Bowie's Motion to Dismiss

The Court first addresses Bowie's Motion to Dismiss.  Lewis alleges Bowie maintained a policy and/or custom of encouraging excessive force, in violation of the Fourth Amendment and

Articles 24 and 26 of the Maryland Declaration of Rights.[3]  Since the Complaint consists almost entirely of § 1983 catchphrases, the Court grants Bowie's Motion to Dismiss.

### A.      Deprivation of Federal Right

Section 1983 does not create federal court jurisdiction, but rather, imposes liability for violations of federal law.  *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979).  Thus, the first inquiry is whether a plaintiff has been deprived of a federal right.  *See id.* at 140.  Lewis improperly characterizes Bowie's actions as a Fourth Amendment violation.  Yet, "excessive force claims of a pretrial detainee [like Lewis] are governed by the Due Process Clause of the Fourteenth Amendment."  *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008).  Nevertheless, the Court will not dismiss Lewis's claim on this technical basis, especially considering the plethora of cases that evaluate similar claims under the Fourth Amendment.  Instead, the Court proceeds under the conjecture that the Complaint properly asserts a federal right deprivation.

### B.      Official Policy or Custom Requirement

Not every federal right deprivation leads to municipal liability, however.  *See Lytle*, 326 F.3d at 471.  To invoke municipal liability, a plaintiff must identify a municipal policy or custom.  Although § 1983 claims are not subject to a heightened pleading standard, such claims are subject to the standard adopted in *Iqbal* and *Twombly*.  As previously indicated, *Iqbal* and *Twombly* created a two-step test for Rule 12(b)(6) motions.  *See supra* Standard of Review.

#### 1.      *Iqbal-Twombly* Analysis: Step One

Under *Iqbal* and *Twombly*, a court must determine which factual allegations are entitled to deference and which are merely "[t]hreadbare recitals of the elements of a cause of action."

---

[3] The Court disregards Lewis's Maryland Declaration of Rights claim.  Section 1983 is a vehicle for redressing federal statutory or constitutional violations, not state constitutional violations.  Furthermore, such a claim is redundant because courts apply the same Fourteenth Amendment analysis to Articles 24 and 26 violations.  *See State v. Smith*, 505 A.2d 511, 523 n.8–9 (Md. 1986) (finding no distinction between the Fourteenth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights).

*Iqbal*, 129 S. Ct. at 1949.  Lewis fails this first step.  Count II is nothing more than bare-bone generalizations that a legal element (i.e., the policy-or-custom element) is met.  In claiming municipal liability, Lewis cannot simply conclude that Bowie "failed to adequately train and supervise officers in the proper use of force" (Compl. ¶ 35) and "developed a custom, procedure, practice, and/or official policy, allowing officers to use excessive force."  (Compl. ¶ 38.)

In fact, when alleging an inadequate training policy, a complaint should contain facts revealing: (1) the nature of the training, (2) that the training was a "deliberate or conscious" choice by the municipality, and (3) that the officer's conduct resulted from said training.  *Drewry v. Stevenson*, No. WDQ-09-2340, 2010 WL 93268, *4 (D. Md. 2010 Jan. 6, 2010).  The Complaint barely *mentions* any of the above elements.  Furthermore, the Complaint's silence on Bowie's deliberateness is particularly fatal.  *See Bd. of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 415.  Lewis may contend paragraphs 36–37 (i.e., failure to investigate officers using excessive force, failure to keep adequate records) evidence Bowie's inattention to repeated complaints, which establishes deliberate indifference.  *See City of Canton*, 489 U.S. at 390.  Nonetheless, these allegations are conclusory and inadequate to satisfy the first step of *Iqbal-Twombly*.

### 2.     *Iqbal-Twombly* Analysis: Step Two

Arguably, the Complaint implies that Private Simms's actions reflect a Bowie policy or custom of excessive force and Lewis may assert that the catalog of Simms's actions (Compl. ¶¶ 8–18) is sufficiently concrete to survive the first step.  Assuming this rationale's validity, the Complaint still fails the second step, which requires a court to "determine whether [well-pleaded factual allegations] plausibly give rise to an entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950.

While the Court presumes Lewis's accusations against Simms are true and grants all reasonable inferences, the Complaint does not "plausibly establish" that Simm's actions are

attributable to Bowie. *Iqbal*, 129 S. Ct. at 1951. As the Supreme Court explained, when a plaintiff claims an employee—not a municipality—has inflicted an injury, "rigorous standards of culpability and causation must be applied." *Bd. of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 405. Here, the Complaint does not explain the basis for inferring that Simms acted based on Bowie policy or custom. Instead, the Complaint simply contends that Bowie's alleged failure to train "has fostered and encouraged the use of excessive force . . . ." (Compl. ¶ 34.)

### III.    The County's Motion to Dismiss and Motion for Summary Judgment

Next, the Court addresses the County's Motion to Dismiss the Third Amended Complaint or, in the alternative, Motion for Summary Judgment. Count III alleges Unknown Officers were deliberately indifferent to Lewis's medical condition and deprived him of medical care. Count IV alleges the County maintained a policy and/or custom of encouraging deliberate indifference to medical conditions and medical care. Both counts assert violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. The Court grants the County's Motion to Dismiss.[4]

### A.    Claim Against Unknown Officers (Count III)

Setting aside the fact that Count III neglects to name any specific County officers and thus fails to provide the County sufficient notice, a claim against employees in their official capacity is functionally equivalent to a suit against the municipality.[5] *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Flanagan*, 593 F.Supp.2d at 809. Therefore, Lewis must assert a plausible policy or custom, attributable to the County, which directly caused Lewis's injuries. *See City of Canton,* 489 U.S. at 385; *Carter*, 164 F.3d at 218. Count III contains no references to a County municipal policy or custom. Furthermore, presuming the Unknown Officers acted due

---

[4] Therefore, the Court need not evaluate the County's alternative Motion for Summary Judgment.
[5] Although the Complaint does not specify in what capacities Lewis sues the Unknown Officers, based on the scope of the Complaint and the Motion to Dismiss, the Court construes Lewis's allegations to be against the Unknown Officers in their official capacity.

to the policies and customs discussed in Count IV, the Court dismisses Count III for the reasons

it dismisses Count IV.  *See infra* Part III.B.2.  Lewis's failure to state a claim against the County

necessarily amounts to a failure to state a claim against the Unknown Officers.

### B.    Claim Against the County (Count IV)

Initially, the Court notes Lewis's claim against Bowie is nearly identical to his claim

against the County.  In fact, aside from adjusting the defendant's names, Lewis's opposition to

both motions are virtually indistinguishable.  This duplicative nature suggests Lewis simply

regurgitated standard § 1983 phraseology.  Ignoring this, the Court still dismisses Count IV.

### 1.    Deprivation of Federal Right

Lewis alleges violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments of

the U.S. Constitution.  (Compl. ¶¶ 43–46.)  However, in the present case, only the Fourteenth

Amendment is implicated.  The Fourth and Fifth Amendments are clearly irrelevant.  Moreover,

the Eighth Amendment's prohibition against cruel and unusual punishment only applies to a

sentenced inmate.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

However, the Fourteenth Amendment standard for medical treatment is coextensive with

the Eighth Amendment standard, namely deliberate indifference is required.  *See e.g., Hill v.*

*Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).  In a denial of medical care claim, a plaintiff must

allege (1) an objectively serious medical condition and (2) that the defendant "acted with a

sufficiently culpable state of mind."  *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).

Deliberate indifference is a "very high standard" and only conduct that "shocks the

conscience" is actionable.  *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001)

(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  Mere negligence does not

rise to a constitutional level.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Furthermore,

an officer is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk . . . was insubstantial or nonexistent." *Id.* at 844. In other words, an "error of judgment" is not redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979).

Here, the Complaint largely characterizes County officers as negligent, grossly negligent, and careless (Compl. ¶¶ 21, 23–25.), which do not constitute deliberate indifference. More importantly, however, Lewis must show that County officers subjectively recognized a risk of harm and subjectively understood the inappropriateness of their actions. *See Mesmer v. St. Mary's County*, No. 10-1053, 2010 WL 4791884, at * 11 (D.Md. Nov. 18, 2010). Due to the Complaint's limited details, it is unclear whether the officers' actions constitute deliberate indifference or simply an error in judgment. Viewing the facts in the light most favorable to Lewis, the Court presupposes the Complaint adequately pleads a deprivation of a federal right.

### 2.     Official Policy or Custom Requirement

Even if County officers violated Lewis's Fourteenth Amendment rights, this violation alone does not permit an inference of municipal culpability. *See Bd. of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 406. Such a deprivation only shows that the *officers* acted culpably. *See id.* at 406–07. Liability attaches to the County only if Lewis adequately pleads a policy or custom.

Since Count II and Count IV are essentially interchangeable, it is unsurprising that the Court finds that Count IV insufficiently alleges a County policy or custom that satisfies the *Iqbal-Twombly* standard. *See supra* Part II.B. Like Count II, Count IV consists of speculative, legal conclusions couched as factual allegations; not facts supporting a plausible claim.

## IV.     Amendments to Complaint

A court has the discretion to give leave to amend a pleading, Fed. R. Civ. P. 15(a), and a court may deny a plaintiff from filing an amendment because of "repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court will not permit Lewis to file further amendments. Not only did Lewis not seek leave to amend the Complaint, this is his Third Amended Complaint. As a result of the multitude of amended complaints, Bowie and the County have each filed over five motions to dismiss, motions for summary judgment, and replies to Lewis's oppositions. Additionally, despite a plethora of opportunities, Lewis has been unable to elaborate on the factual bases of his claims in his oppositions or amended complaints. Therefore, in the interest of judicial economy, the Court dismisses with prejudice Lewis's municipal liability claims against Bowie and the County. In short, Lewis's action boils down to an excessive force claim against Simms.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Bowie's Motion to Dismiss Count II of the Third Amended Complaint and Defendant Prince George's County's Motion to Dismiss Counts III and IV of the Third Amended Complaint. A separate order will follow.


| January 26, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |